In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00096-CR
______________________________


JIMMY LEWIS BROWN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. CR04-242


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Both Jimmy Lewis Brown and the complainant in this case agree that Brown briefly
penetrated complainant during the sexual encounter between them.


 The sole question on appeal is
whether there was legally and factually sufficient evidence to support the jury's implicit finding—in
finding Brown guilty of sexual assault—that the penetration was without complainant's consent. We
affirm the trial court's judgment because legally and factually sufficient evidence supports the
implicit finding of lack of consent.
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).
            The jury had complainant's testimony that she said "no" and that, the "whole time" the sexual
encounter was going on, she was saying "no" and "just stop." Complainant testified that, during the
encounter with Brown, she loudly told Brown to stop and leave. She testified that, earlier, she had
told him to leave her premises. She further testified that, when Brown was performing oral sex on
her on the couch in the front room, she was saying "stop." She also said that Brown forced her to
perform oral sex on him in another room and that the act sickened her, making her gag. According
to her testimony, Brown then started trying to move her into the other part of the house where the
bedroom was located, but she physically resisted, struggling with him, and resulting in them
returning to the front room. Then, Brown pushed her down onto the couch again, again performing
oral sex on her, and then briefly penetrating her vagina with his penis. The evidence is legally
sufficient to negate consent.
            In reviewing the factual sufficiency of the evidence, we are required to determine whether,
considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond
a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). The jury is not
justified in finding guilt if the evidence supporting the verdict is too weak to support the verdict of
guilt beyond a reasonable doubt or if the evidence contrary to the verdict is too strong to allow the
verdict of guilt beyond a reasonable doubt to have been reached rationally. Threadgill v. State, 146
S.W.3d 654, 664 (Tex. Crim. App. 2004).
            Above, we have reviewed the principal testimony from complainant bearing on consent. 
Conflicting testimony came from Brown. Brown testified that complainant had previously offered
to have a "threesome" involving Brown, complainant, and her husband.


 Brown recounted two
occasions on which complainant rode with Brown in his car to a secluded spot and the two talked
about having sex. The morning of the sexual encounter, according to Brown, complainant was
wearing a pink, see-through gown. He consistently indicated the entire sexual encounter was
consensual with her. He recounted her saying, "Give it to me"; and his sexual penetration directly
followed what he interpreted as an invitation. 
            While there is conflicting evidence concerning consent to sexual intercourse, the jury was
entitled to resolve those conflicts and make reasonable inferences from the above evidence. The jury
alone judges the credibility of witnesses, the weight to be given their testimony, and the
reconciliation of evidentiary conflicts. Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App.
1998). The evidence discussed above was strong enough for a rational jury to find Brown failed to
get complainant's consent for intercourse; and the contrary evidence was not so strong as to preclude
a rational finding of guilt beyond a reasonable doubt. The evidence is factually sufficient to support
the verdict.
            Brown's contentions of error are overruled. We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 21, 2005
Date Decided:             October 28, 2005

Do Not Publish